1  JUSTIN BERGER (SBN 250346)
jberger@cpmlegal.com
2  **COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
3  Burlingame, California 94010
Telephone: (650) 697-6000
4  Facsimile: (650) 692-3606

5  ROBERT B. HUTCHINSON (SBN 45367)
rhutchinson@cpmlegal.com
6  CARLOS URZUA (SBN 303176)
curzua@cpmlegal.com
7  **COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
8  Santa Monica, California 90405
Telephone: (310) 392-2008
9  Facsimile: (310) 392-0111

10  THOMAS E. FRAYSSE (SBN 104436)
tef@knoxricksen.com
11  ITAK K. MORADI (SBN 310537)
ikm@knoxricksen.com
12  AMANDA PLOWMAN (SBN 317462)
amp@knoxricksen.com
13  **KNOX RICKSEN, LLP**
2033 N. Main Street, Suite 340
14  Walnut Creek, California 94596
Telephone: (925) 433-2500
15  Facsimile: (925) 433-2505

16  *Attorneys for Relators*

17
18                    **IN THE UNITED STATES DISTRICT COURT**

19                  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

20  **UNITED STATES OF AMERICA** and       Case No. 2:16-cv-03966-MWF-SK
    **STATE OF CALIFORNIA** *ex rel.*
21  **MICHAEL STAHL** and **WILLIAM**       **STIPULATED PROTECTIVE**
    **REYNOLDS**;                          **ORDER**
22
23                Plaintiffs,

24        v.

25  **ORTHOPEDIC ALLIANCE, LLC,** a
    California Limited Liability Corp.;
26  **ROGER WILLIAMS;**
    **MARY SISLER WILLIAMS;**
27  **THOMAS FERRO, M.D.;**

28

**STIPULATED [PROPOSED] PROTECTIVE ORDER;** Case No. 2:16-cv-03966-MWF-SK

| | |
|---|---|
| 1 | **THOMAS FERRO, M.D. A MEDICAL CORPORATION,** a California Corp.; |
| 2 | **DAVINCI ORTHOPEDIC TECHNOLOGIES, LLC,** a California |
| 3 | Limited Liability Corp.; **DONN FASSERO, M.D.;** |
| 4 | **KOUROSH SHAMLOU, M.D.; KOUROSH SHAMLOU, M.D., INC.,** a |
| 5 | California Corp.; **KEVIN PARK, M.D.;** |
| 6 | **KEVIN PARK, M.D., INC.,** a California Corp.; |
| 7 | **MILIND PANSE, M.D. MASKO HOLDINGS, LLC,** a California |
| 8 | Limited Liability Corp.; **UCHENNA RAPHAEL NWANERI,** |
| 9 | **M.D.; RUSSELL TODD NEVINS, M.D.;** |
| 10 | **RANDY F. DAVIS, M.D.;** and **ELLIOTT CLEMENE, M.D.** |
| 11 | |
| 12 | Defendants. |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STIPULATED [PROPOSED] PROTECTIVE ORDER;** Case No. 2:16-cv-03966-MWF-SK

## I.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, including, but not limited to, confidential health information regarding non-parties. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.      THERE EXISTS GOOD CAUSE FOR THIS PROTECTIVE ORDER

This action is likely to involve confidential health information regarding non-parties for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential materials and information consist of, among other things, confidential health and medical records of third-party patients, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of litigation, and serve the ends of justice, a protective order for such information is

**STIPULATED [PROPOSED] PROTECTIVE ORDER;** Case No. 2:16-cv-03966-MWF-SK

justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.  DEFINITIONS

2.1    "ATTORNEYS' EYES ONLY" Information or Items: means that subset of information meeting the definition of "CONFIDENTIAL" set forth below and which is so highly sensitive that disclosure would create a substantial risk of serious injury that could not be avoided by less restrictive means. The Designating Party, as defined below, shall bear the ultimate burden of proving that any information it has designated "Confidential—Attorneys' Eyes Only" meets the foregoing definition.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: information or items produced in this action that the Designating Party reasonably and in good faith believes is non-public and constitutes: (i) any information subject to protection under the Privacy Act, 5 U.S.C. § 552a; (ii) personal or financial information, including information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; (iii) financial, trade secret, or other confidential or proprietary research, development, or commercial information, the disclosure of which to third parties may be harmful to the party producing this information; or (iv) other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise protected from public disclosure.  This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal information, employment information, health information, and tax returns.

Confidential Information or Items also include, but are not limited to, "Confidential Health Information," which includes "individually identifiable health

**STIPULATED [PROPOSED] PROTECTIVE ORDER;** Case No. 2:16-cv-03966-MWF-SK

2

information" as defined in 45 C.F.R. § 160.103, and "medical information" as defined in Cal. Civil Code § 56.05(j). Any Confidential Health Information/medical information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; to the provisions of 45 C.F.R. §§ 164.102-164.534; to the provisions of 42 U.S.C. § 1306; to the provisions of Cal. Civil Code §§ 56.05 et. seq., the California Confidentiality of Medical Information Act; to the peer review confidentiality provisions set forth in California Evidence Code § 1157, and/or to the privacy provisions of various state(s) law(s), and there may be no waiver or authorization by the patient or other holder of privilege/protection to produce the records to any entity outside one of the Parties. All patient files, medical records and documents, or other materials containing individually identifiable health information, and the proceedings and records of peer review committees, shall be deemed to be CONFIDENTIAL.

2.4     <u>Counsel</u> (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained in good faith by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8     <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to

this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party:   any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:   a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

2.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

This Stipulation and Order shall be applicable to and govern all Confidential and Attorneys' Eyes Only Information or Items produced, furnished or created during the course of this action, including any materials or information sought from a non-party who receives a subpoena in connection with this action or otherwise produces materials or information in this action.  The Confidential and Attorneys' Eyes Only Information protection includes but is not limited to: materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this action.

The protections conferred by this Stipulation and Order cover not only Protected Material and Confidential and Attorneys' Eyes Only Information or Items (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, analyses, notes, electronic images, databases, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material..

This Stipulation and Order applies to all Confidential and Attorneys' Eyes Only Information produced in this action, regardless of whether such document or information was produced prior to or after entry of this Stipulation and Order.

In the event that non-parties produce Confidential or Attorneys' Eyes Only Information in connection with this Action, the production may be made subject to the provisions of this Order. As necessary and appropriate to uphold the terms of this Order, the existence of this Order may be disclosed to any person (including any non-party served with a subpoena in this action) producing Confidential and Attorneys' Eyes Only Information in this Action.

Nothing in this Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern. Any use of Confidential and Attorneys' Eyes Only Information during a court hearing or at trial shall be governed by the orders of the presiding judge.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## V.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals,

rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VI.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party mark each page of the document asserted to contain Protected Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".   The parties may also use CONFIDENTIAL-PHI for documents that contain Protected Health Information, as defined in 45 C.F.R. § 160.103.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.

1  Then, before producing the specified documents, the Producing Party must mark each

2  page of the document asserted to contain Protected Material as "CONFIDENTIAL" or

3  "ATTORNEYS' EYES ONLY".

4  (b)  for testimony given in depositions, information disclosed at a

5  deposition may be designated by any party as Protected Material by indicating on the

6  record at the deposition that the testimony is confidential and subject to the provisions

7  of this Protective Order.  Additionally, and alternatively, any party may also designate

8  information disclosed at a deposition as Protected Material by notifying all counsel in

9  writing within thirty (30) days of receipt of the official deposition transcript or copy

10  thereof (or written notification that the transcript is available), listing the specific pages

11  and lines of the transcript and/or any exhibits that should be treated as Protected

12  Material.  The entire deposition transcript (including any exhibits not previously

13  produced in discovery in the litigation) shall be treated as Protected Material under this

14  Protective Order until the expiration of the above-referenced 30-day period for

15  designation, except that the deponent (and his or her counsel, if any) may review the

16  transcript of his or her own deposition during the 30-day period subject to this Protective

17  Order upon executing the Acknowledgement attached to this Order.  Only those portions

18  of the deposition transcript that are designated as containing Protected Materials shall

19  be governed by this Order.  Nothing in this Order restricts the use of any portion of a

20  deposition transcript that has not been designated as Protected Material.

21  (c)  for information produced in some form other than documentary and for

22  any other tangible items, that the Producing Party affix in a prominent place on the

23  exterior of the container or containers in which the information or item is stored the

24  legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". If only a portion or

25  portions of the information or item warrant protection, the Producing Party, to the extent

26  practicable, shall identify the protected portion(s).

27  5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent

28  failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Moreover, any document containing Confidential Health Information/ medical information shall be treated as Protected Material regardless of whether or not such a designation is included in or on the document.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.   The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Materials may not be used in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal, or other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Counsel for the Receiving Party shall retain the signed copy of the Acknowledgement and Agreement to be Bound;

(d)  the court and its personnel;

(e)  court reporters, stenographers, or video operators at depositions, court, or arbitral proceedings at which Confidential material is disclosed;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   any witness or potential witness and counsel for that witness or potential witness in the action to whom disclosure is reasonably necessary.  If the witness or potential witness is neither currently employed by the Designating Party nor an expert witness covered by subparagraph (c) above, the Confidential Information may be disclosed to the witness or potential witness only if the Confidential Information is relevant to the Action and to the person's knowledge and potential testimony, and

provided that prior to the time that any such witness or potential witness is given access to Confidential Information, such person is provided with a copy of this Confidentiality Order and (i) such person signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (ii) counsel giving access to Confidential Information advises the witness or potential witness of the provisions of this Confidentiality Order and prevents such witness or potential witness from retaining possession of any Confidential Information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) any other persons designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties.

7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  court reporters and their staff;

(d) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

///

///

## IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", that Party must:

(a)  on or before the second business day after receipt of the subpoena or a court order, give telephonic notice and written notice personally or by e-mail of such process or discovery request, together with a copy thereof, to counsel for the Designating Party;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected to seek to quash or modify such process or discovery request, consistently with Local Rules 37 and 45; and

(d) not make production or disclosure of such Confidential Information until the Designating Party consents in writing to production or the Party served with a subpoena or a court order is required by a court order to produce such Confidential or "Attorneys' Eyes Only" Information, so long as the order is not stayed prior to the date set for production or disclosure.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

///

# X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

The inadvertent production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  If a Receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes contains privileged information, it shall notify the Producing Party, and identify the document in question, within ten (10) business days of such discovery.

Upon discovery by a Producing Party (whether by notice from the receiving party, or otherwise) that it may have produced privileged information, the Producing Party shall, within ten (10) business days of such discovery, request the return of such privileged information by sending a written notification ("Clawback Letter") to the Receiving party, which shall identify the documents or ESI in question by Bates number

1  or otherwise and the basis on which the privileged information should have been

2  withheld from production.

3  Upon receipt of a Clawback Letter from the Producing Party, the obligations of

4  the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

5  The Producing Party shall, within ten (10) business days of the date of the Clawback

6  Letter, reproduce any document or ESI that is comprised only partially of privileged

7  information with the privileged information redacted.

8  If a Receiving Party disagrees with a claim of privilege set forth in a Clawback

9  Letter, it shall notify the Producing Party and provide the basis for disputing the privilege

10 claim in writing.  The Producing Party must preserve the information claimed to be

11 privileged or otherwise protected until the claim is resolved.  Thereafter, the parties shall

12 meet and confer in a good faith attempt to resolve the dispute.  In the event that the

13 parties do not resolve their dispute, the Receiving Party may bring a motion for

14 determination of whether a privilege applies.  Any motion to determine whether a

15 privilege applies shall be filed no later than thirty (30) days after the parties reach an

16 impasse.  All documents and ESI identified in any Clawback Letter shall be included in

17 the privilege log(s) produced by the parties.

18 **XIII. MISCELLANEOUS**

19 12.1   Right to Further Relief. Nothing in this Order abridges the right of any

20 person to seek its modification by the court in the future.

21 12.2   Right to Assert Other Objections. By stipulating to the entry of this

22 Protective Order no Party waives any right it otherwise would have to object to

23 disclosing or producing any information or item on any ground not addressed in this

24 Stipulated Protective Order. Similarly, no Party waives any right to object on any ground

25 to use in evidence of any of the material covered by this Protective Order.

26 12.3   Filing Protected Material. A Party that seeks to file under seal any Protected

27 Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

28 under seal pursuant to a court order authorizing the sealing of the specific Protected

Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XIV.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 17, 2021                    **COTCHETT, PITRE & McCARTHY, LLP**

By:_____*/s/ Justin T. Berger*_____
                                                        JUSTIN T. BERGER
                                                        ROBERT B. HUTCHINSON
                                                        CARLOS URZUA
                                                        *Attorneys for Relator*

**STIPULATED [PROPOSED] PROTECTIVE ORDER;** Case No. 2:16-cv-03966-MWF-SK                                                                    15

1    Dated: March 17, 2021          **KNOX RICKSEN, LLP**

2                                   By:_____ */s/ Thomas E. Fraysse*_____
                                         THOMAS E. FRAYSSE
3                                        ITAK K. MORADI
                                         AMANDA PLOWMAN
4                                        *Attorneys for Relator*

5    Dated: March 17, 2021          **SHEPPARD, MULLIN, RICHTER &**
                                    **HAMPTON LLP**
6
                                    By:_____ */s/ Charles L. Kreindler*_____
7                                        CHARLES L. KREINDLER
                                         BARBARA E. TAYLOR
8                                        MATTHEW T. LIN
                                    *Attorney for Defendants Thomas Ferro, M.D.,*
9                                   *Thomas Ferro, M.D., a Medical Corporation, and*
                                    *Davinci Orthopedic Technologies, Corp.*
10
     Dated: March 17, 2021          **JEFFER MANGLES BUTLER & MITCHELL**
11                                  **LLP**

12                                  By:_____ */s/ Vince Farhat*_____
                                         VINCE FARHAT
13                                       TALYA GOLDFINGER
                                    *Attorney for Defendant Russell Todd Nevins, M.D.*
14

15   Dated: March 17, 2021          **ONE LLP**

16                                  By:_____ */s/ Peter R. Afrasiabi*_____
                                         PETER R. AFRASIABI
17                                       SAMAREH J. AFRASIABI
                                    *Attorneys for Defendants Kourosh Shamlou, M.D.,*
18                                  *Kourosh Shamlou, M.D. Inc., Kevin Park, M.D.,*
                                    *and Kevin Park, M.D., Inc.*
19
     Dated: March 17, 2021          **HOLLAND & KNIGHT LLP**
20
                                    By:_____ */s/ David A. Robinson*_____
21                                       DAVID A. ROBINSON
                                         NICHOLAS A. DELLEFAVE
22                                  *Attorneys for Defendant Elliott Clemence, M.D.*

23   Dated: March 17, 2021          **DAVIS WRIGHT TREMAINE LLP**

24                                  By:_____ */s/ John R. Tate*_____
                                         JOHN R. TATE
25                                       NICOLE S. PHILLIS
                                    *Attorneys for Defendant Randy Davis, M.D.*

26

27

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

Dated: March 17, 2021

**BIENERT | KATZMAN PC**

By: _____/s/ Michael R. Williams_____
MICHAEL R. WILLIAMS
NANCY J. SANDOVAL
*Attorneys for Defendants Milind Panse, M.D. and
Masko Holdings, LLC*

Dated: March 17, 2021

**CARROLL, KELLY, TROTTER & FRANZEN**

By: _____/s/ John C. Kelly_____
JOHN C. KELLY
GABRIEL M. IRWIN
*Attorneys for Defendant Uchenna Raphael
Nwaneri, M.D.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated: ___March 17, 2021___

HON. STEVE KIM
United States Magistrate Judge

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of United States of America et al. v. Orthopedic Alliance, LLC et al., Case No. CV 16-3966 MWF (SKx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP